UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMAN EBRAHIMI KASGIMJAN,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.:  26-cv-282-RSH-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On January 16, 2026, petitioner Saman Ebrahimi Kasgimjan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner, an applicant for asylum, is detained by U.S. Customs and Immigration Enforcement ("ICE") at the Otay Mesa Detention Center in San Diego, California. *Id.* at 1. Petitioner was arrested on January 25, 2025, is awaiting a hearing before an immigration judge on his request for asylum. *Id.* at 3, 5.

The same date that the Petition was entered on the Court's docket, the Court ordered a briefing schedule. ECF No. 2. Respondents have not timely filed a return or sought an extension of time to do so.

The Court liberally construes the Petition as arguing that Petitioner's continued detention without a bond hearing at this point in time—now over 12 months since his

arrest—violates due process.

In determining whether Petitioner's detention has become prolonged, the Court applies a six-factor balancing test used by some district courts. *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773-74 (S.D. Cal. 2020); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). That test considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Kydyrali*, 499 F. Supp. 3d at 773–74.

Respondents have argued in other, similar cases that "[i]n general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." *See, e.g.*, *Santos Campos v. LaRose*, No. 26-cv-29-RSH-JLB, Dkt. No. 5 at 10 (respondents' return quoting *Sibomana v. LaRose*, No. 22-cv-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. April 20, 2023)); *Naseif v. LaRose*, No. 26-cv-30-RSH-BJW, Dkt. No. 5 at 8 (same). This proposition, applied to Petitioner's length of detention, favors a bond hearing here. Petitioner's conditions of confinement also favor setting a bond hearing. Courts in this district have found that conditions at the Otay Mesa Detention Center are "indistinguishable from penal confinement," and that this factor weighs in favor of petitioners' due process arguments of prolonged detention. *Kydyrali*, 499 F. Supp. 3d at 773; *see also Hoyos Amado v. U.S. Dep't of Justice*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *6 (S.D. Cal. Nov. 4, 2025). Upon consideration of these and the other factors in light of the record, the Court concludes that Petitioner's mandatory detention has become prolonged at this point.

Accordingly, Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial

liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond"); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)).

The Petition is therefore **GRANTED**. Respondents are directed to arrange an individualized bond hearing for petitioner Saman Ebrahimi Kasgimjan before an immigration court as described above within ***ten (10) days of this order***.

**IT IS SO ORDERED**.

Dated: February 3, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-282-RSH-SBC